FILED
CLERK, U.S. DISTRICT COURT
06/16/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: GSA DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADA WILLIAM OBAYUWANA,<br>aka, "ColdheartedAC,"<br>aka, "AC,"<br>ALBERT TAI VU, and<br>CASSANDRA MARIE MURILLO,<br><br>Defendants. | CR 2:26-cr-00392-AH<br><br><u>I N D I C T M E N T</u><br><br>[18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 510(b): Delivery of Stolen Treasury Checks; 18 U.S.C. § 1957: Money Laundering; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

<u>INTRODUCTORY ALLEGATIONS</u>

At times relevant to this Indictment:

1. Citibank, Bank of America, U.S. Bank, J.P. Morgan Chase Bank, Certified Federal Credit Union, Navy Federal Credit Union, and Schools First Credit Union (together, the "Banks") were financial institutions insured by either the Federal Deposit Insurance Corporation ("FDIC") or the National Credit Union Administration ("NCUA").

2. Beginning on an unknown date, but no later than April 4, 2022, and continuing through at least on or about December 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants ADA WILLIAM OBAYUWANA, also known as ("aka") "ColdheartedAC," aka "AC," ALBERT TAI VU, and CASSANDRA MARIE MURILLO, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and with intent to defraud, conspired to possess over $8.1 million in stolen or fraudulent checks, including over 50 United States Treasury checks.

3. The United States Treasury checks defendants possessed with the intent to defraud included, among types of checks, tax refunds, veterans' benefits, and Social Security Administration benefits belonging to victims and taken without the victims' permission.

4. Defendants organized and executed their conspiracy in cities across Los Angeles and Orange Counties, within the Central District of California, including, but not limited to, in the cities of Los Angeles, Santa Clarita, Canoga Park, Anaheim, Westminster, Cypress, Garden Grove, El Monte, Cerritos, and Huntington Beach, and elsewhere.

5. These Introductory Allegations are incorporated into each Count of this Indictment.

COUNTS ONE THROUGH NINE

[18 U.S.C. §§ 1344(2), 2(a)]

[ALL DEFENDANTS]

A. SCHEME TO DEFRAUD

6. Beginning on an unknown date, but no later than April 4, 2022, and continuing through at least on or about December 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants ADA WILLIAM OBAYUWANA, also known as ("aka") "ColdheartedAC," aka "AC," ALBERT TAI VU, and CASSANDRA MARIE MURILLO, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and with intent to defraud, executed a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of the Banks, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

B. THE MANNER AND MEANS OF THE SCHEME

7. The fraudulent scheme operated, in substance, in the following manner:

a. Defendants OBAYUWANA, VU, and MURILLO, and other co-schemers, would obtain stolen authentic United States Treasury tax refund checks and other types of authentic United States Treasury checks issued to individual victims and victim businesses.

b. Defendants OBAYUWANA, VU, and MURILLO, and other co-schemers, would forge endorsements on the United States Treasury checks or alter names and addresses on the checks for the purpose of stealing the checks.

c. Defendants OBAYUWANA, VU, and MURILLO, Co-Schemer 1, Co-Schemer 2, and other co-schemers, would open bank accounts for the

purpose of receiving fraudulently obtained funds, in some cases using business documents mimicking the names and other identifiers of victims. Among other such accounts, defendants and their co-schemers, aiding and abetting each other, fraudulently opened the following accounts:

i. A Citibank bank account for NONE TO LOSE LLC, with account number ending in 0893 ("NONE TO LOSE LLC Citibank Account"), opened on or about April 9, 2022, and identifying defendant VU as President and 100% owner of NONE TO LOSE LLC;

ii. A Citibank account in defendant MURILLO's name, with account number ending in 8663 ("MURILLO Citibank Account"), opened on or about On April 11, 2023;

iii. A U.S. Bank account in defendant MURILLO's name, with account number ending in 5808 ("MURILLO U.S. Bank Account"), opened on or about On April 11, 2023;

iv. A Bank of America account in defendant MURILLO's name, with account number ending in 8938 ("MURILLO BoA Account"), opened on or about On April 11, 2023;

v. A Navy Federal Credit Union account in defendant MURILLO's name, with account number ending in 8647 ("MURILLO NFCU Account"), opened on or about April 11, 2023;

vi. A Bank of America bank account in the name of Co-Schemer 1, with account number ending in 2498 ("Co-Schemer 1 BoA Account"), opened on or about April 20, 2023;

vii. A Bank of America bank account for the entity "NICKER LONG BEACH, INC," with account number ending in 1332 ("Nicker Long Beach BoA Account"), opened on or about May 24, 2023, and identifying Co-Schemer 1 as President of NICKER LONG BEACH, INC.;

viii. A J.P. Morgan Chase bank account for NONE TO LOSE LLC, with account number ending in 9081 ("NONE TO LOSE LLC Chase Account"), opened on or about June 14, 2023, and identifying defendant VU as the user;

ix. A Bank of America bank account for the entity "HEART TO HEART HEALTH CARE," with account number ending in 6934 ("H2H BoA Account"), opened on or about July 12, 2023, and identifying defendant VU as President of HEART TO HEART HEALTH CARE; and

x. A Schools First Credit Union account in defendant VU's name with an account number ending in 8825 ("VU SCHOOLS FIRST Account"), opened on or about July 19, 2023.

d. Defendants OBAYUWANA, VU, and MURILLO, Co-Schemer 1, Co-Schemer 2, and other co-schemers would deposit stolen United States Treasury tax refund checks into bank accounts they controlled. In doing so, defendants and their co-schemers would fraudulently represent to the Banks that they were the account holders and had the right to deposit the stolen United States Treasury checks and obtain funds from victim accounts.

i. Among other fraudulent deposits, defendant VU deposited stolen United States Treasury tax refund checks on July 7, 2022, August 15, 2022, April 2, 2023, and July 6, 2023, at financial institutions in Santa Clarita, Canoga Park, Anaheim, and Garden Grove, California.

ii. Among other fraudulent deposits, defendant OBAYUWANA deposited or caused to be deposited stolen United States Treasury tax refund checks on May 25, 2023, and July 20, 2023, at financial institutions in Cypress and Santa Clarita, California.

iii. Among other fraudulent deposits, on April 11, 2025, the same day that defendant MURILLO opened four fraudulent bank accounts, defendant MURILLO deposited a stolen $27,903 United States Treasury tax refund check into MURILLO's Citibank Account at a Citibank branch in San Diego, California.

e. Defendant OBAYUWANA, VU, and MURILLO, Co-Schemer 1, Co-Schemer 2, and other co-schemers would obtain funds from the Banks by, for example: withdrawing cash from the fraudulently-opened accounts at Bank ATMs, purchasing cashier's checks from the fraudulently-opened Bank accounts, and transferring the funds to other bank accounts controlled by defendants and their co-schemers.

i. Among other fraudulent fund transfers, on April 29, 2023, defendant MURILLO deposited a $250,000 cashier's check, using funds derived from the United States Treasury tax refund check fraud scheme, into the MURILLO BoA Account at a Bank of America branch in San Diego, California.

ii. Among other fraudulent fund transfers, on May 8, 2023, defendant MURILLO withdrew $50,000 in cash, consisting of funds derived from the United States Treasury tax refund check fraud scheme, from the MURILLO BoA Account at a Bank of America branch in Mission Valley, California, and $99,910 in cash from a casino in El Cajon, California.

iii. Among other fraudulent fund transfers, on May 12, 2023, defendant MURILLO executed a $84,000 cashier's check, using funds derived from the United States Treasury tax refund check fraud scheme, made out to Co-schemer 1 from the MURILLO BoA Account at a Bank of America branch in Hillcrest, California.

8. Through this scheme, defendants OBAYUWANA, VU, and MURILLO, Co-schemer 1, Co-schemer 2, and others known and unknown to the Grand Jury, each aiding and abetting the other, attempted to negotiate at least six United States Treasury tax refund checks with a total value of approximately $2,151,391.28 between April 4, 2022, and December 30, 2023.

a. Defendant OBAYUWANA, aided and abetted by his co-schemers, attempted to negotiate at least three United States Treasury tax refund checks with a total value of approximately $382,109.03 between April 4, 2022, and December 30, 2023. Defendant OBAYUWANA, aided and abetted by his co-schemers, successfully negotiated one of those United States Treasury tax refund checks, withdrawing a total of approximately $229,109.97 in funds that were in the possession, custody, and control of the Banks.

b. In or around December 2023, defendant OBAYUWANA, aided and abetted by his co-schemers, possessed in his car in Oceanside, California, over 100 stolen or fraudulent checks, cumulatively worth over $6.1 million, including 48 United States Treasury checks, cumulatively worth approximately $2,555,417.70. Among the 48 United States Treasury checks were tax refund checks, Veterans Administration benefits payments, and Social Security Administration payments. Of the checks OBAYUWANA possessed, eight were successfully negotiated, for a total value of $1,701,507.71.

c. Defendant VU, aided and abetted by his co-schemers, attempted to negotiate at least six United States Treasury tax refund checks with a total value of approximately $2,151,391.28 between April 4, 2022, and December 30, 2023. Defendant VU, aided and abetted by his co-schemers, successfully negotiated two United States

Treasury tax refund checks, withdrawing a total of approximately $772,159.23 in funds that were in the possession, custody, and control of the Banks.

d. Defendant MURILLO, aided and abetted by her co-schemers, attempted to negotiate at least two United States Treasury tax refund checks with a total value of approximately $60,193.22 between April 4, 2022, and December 30, 2023. Defendant MURILLO, aided and abetted by her co-schemers, successfully negotiated one United States Treasury tax refund check, withdrawing a total of approximately $31,405.24 in funds that were in the possession, custody, and control of the Banks.

C. EXECUTION OF THE SCHEME TO DEFRAUD

9. On or about the dates below, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants OBAYUWANA, VU, and MURILLO, other co-schemers, and others known and unknown to the Grand Jury, each aiding and abetting the others, executed the fraudulent scheme, by committing and aiding, abetting, counseling, commanding, and inducing others to commit the following acts:

| **COUNT** | **DATE** | **ACT** |
|---|---|---|
| ONE | 7/7/2022 | Defendant VU depositing a United States Treasury tax refund check in the amount of $70,246.73 made out to FARM INC. into the NONE TO LOSE LLC Citibank Account at a Citibank branch in Santa Clarita, California. |
| TWO | 8/15/2022 | Defendant VU depositing a United States Treasury tax refund check in the amount of $23,952.30, originally made out to M.S.D. and S.D. PARTNERSHIP, care of victim M.S.D., into the NONE TO LOSE LLC Chase Account at a J.P. Morgan Chase branch in Canoga Park, California. |

| COUNT | DATE | ACT |
| --- | --- | --- |
| THREE | 4/17/2023 | Defendant MURILLO depositing a United States Treasury tax refund check in the amount of $32,290.22, originally made out to PARADISE WINGS ENTERPRISE, into the MURILLO U.S. Bank Account at a U.S. Bank branch in Santa Clarita, California. |
| FOUR | 4/25/2023 | Defendant VU depositing a United States Treasury tax refund check in the amount of $748,206.93, originally made out to victims L.T. and A.T., into the NONE TO LOSE LLC Citibank Account at a Citibank branch in Anaheim, California. |
| FIVE | 5/25/2023 | Co-Schemer 1, at defendant OBAYUWANA's direction, depositing a United States Treasury tax refund check in the amount of $94,131.59 into the Nicker Long Beach BoA Account at a Bank of America branch in Cypress, California. |
| SIX | 7/6/2023 | Defendant VU depositing a United States Treasury tax refund check in the amount of $1,126,900.90, originally made out to victims D.D. and A.O., into the NONE TO LOSE LLC's Citibank Account at a Citibank branch in Anaheim, California. |
| SEVEN | 7/19/2023 | Defendant VU depositing a United States Treasury tax refund check in the amount of $123,216.95, originally made out to BT LEGACY HOLDINGS, care of victim B.P.M., into the VU SCHOOLS FIRST Account at a Schools First Credit Union branch in Garden Grove, California. |
| EIGHT | 7/20/2023 | Defendant OBAYUWANA depositing a United States Treasury tax refund check in the amount of $58,867.47, originally made out to HEART TO HEART HEALTH CARE INC., into the H2H BoA Account at a Bank of America branch in Santa Clarita, California. |
| NINE | 10/17/2023 | Co-Schemer 2, at defendant OBAYUWANA's direction, depositing a United States Treasury tax refund check in the amount of $229,109.97, originally made out to BT Legacy Holdings Inc., care of B.P.M., into Co-schemer 2's Certified Federal Credit Union ("CFCU") bank account at a CFCU branch in El Monte, California. |

COUNTS TEN THROUGH EIGHTEEN

[18 U.S.C. §§ 510(b), 2(a)]

[ALL DEFENDANTS]

10. On or about the dates below, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants ADA WILLIAM OBAYUWANA, also known as ("aka") "ColdheartedAC," aka "AC," ALBERT TAI VU, and CASSANDRA MARIE MURILLO, together with others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly exchanged, received, delivered, retained, and concealed, and willfully caused to be exchanged, received, delivered, retained, and concealed, the following United States Treasury tax refund checks, each having a value of more than $1,000, knowing that such United States Treasury tax refund checks were stolen:

| **COUNT** | **DEFENDANT** | **DATE** | **CHECK NUMBER** | **CHECK AMOUNT** |
|---|---|---|---|---|
| TEN | VU | 7/7/2022 | 4045-02785293 | $70,246.73 |
| ELEVEN | VU | 8/15/2022 | 4045-03895247 | $23,952.30 |
| TWELVE | MURILLO | 4/17/2023 | 4045-20410435 | $32,290.22 |
| THIRTEEN | VU | 4/25/2023 | 4045-19066018 | $748,206.93 |
| FOURTEEN | OBAYUWANA | 5/25/2023 | 4045-26482203 | $94,131.59 |
| FIFTEEN | VU | 7/6/2923 | 4039-44215878 | $1,126,900.90 |
| SIXTEEN | VU | 7/19/2023 | 4045-27734952 | $123,216.95 |
| SEVENTEEN | OBAYUWANA | 7/20/2023 | 4045-29105437 | $58,867.47 |
| EIGHTEEN | OBAYUWANA | 10/17/2023 | 4045-32481376 | $229,109.97 |

COUNTS NINETEEN THROUGH TWENTY-ONE

[18 U.S.C. §§ 1957, 2(a)]

[DEFENDANT VU]

A. INTRODUCTORY ALLEGATIONS

11. Paragraphs 1 through 7 of this Indictment are realleged here.

12. On April 27, 2023, defendant ALBERT TAI VU executed two cashier's checks, each in the amount of $250,000, at a Citibank branch in Anaheim, California. To execute the cashier's checks, defendant VU used funds from the NONE TO LOSE LLC Citibank Account; the funds were derived from unlawful activity, that is, the United States Treasury check and bank fraud scheme described in Counts One through Nine of this Indictment. Defendant VU's first cashier's check was made out to RUFFLIFE RACING, LLC ("VU's First Cashier's Check"); his second cashier's check was made out to defendant CASSANDRA MARIE MURILLO ("VU's Second Cashier's Check").

13. On April 28, 2023, defendant VU bought a $110,351.25 Range Rover Sport with a down payment using funds withdrawn from the NONE TO LOSE LLC Citibank Account.

14. On April 28, 2023, Co-Schemer 3 deposited VU's First Cashier's Check into a Bank of America bank account under the name RUFFLIFE RACING, LLC, with an account number ending in 5071 ("RUFFLIFE RACING, LLC's BoA Account"), controlled by Co-Schemer 3.

15. On May 8, 2023, Co-Schemer 3 executed a cashier's check in the amount of $50,000 bearing the memo "Range Rover Project," (the "Range Rover Project cashier check") to defendant VU from RUFFLIFE RACING, LLC's BoA Account.

16. On May 10, 2023, defendant VU deposited the Range Rover Project cashier's check into the NONE TO LOSE LLC Citibank Account at a Citibank branch in Huntington Beach, California.

B. EXECUTION OF MONEY LAUNDERING SCHEME

17. On or about the following dates, in Los Angeles and Orange Counties, within the Central District of California, defendant ALBERT TAI VU and others known and unknown to the Grand Jury, each aiding and abetting the other, knowing that the property involved represented the proceeds of some form of unlawful activity, knowingly engaged in, and willfully caused to be engaged in, the following monetary transactions of a value greater than $10,000, which property, in fact, was derived from a specified unlawful activity, that is, Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), as charged in Counts One through Nine of this Indictment:

| **COUNT** | **DATE** | **MONETARY TRANSACTION** |
|---|---|---|
| NINETEEN | 4/27/2023 | Executing a cashier's check in the amount of $250,000 made out to RUFFLIFE RACING, LLC using funds from the NONE TO LOSE LLC Citibank Account at a Citibank branch in Anaheim, California |
| TWENTY | 4/27/2023 | Executing a cashier's check in the amount of $250,000 made out to CASSANDRA MURILLO using funds from the NONE TO LOSE LLC Citibank Account at a Citibank branch in Anaheim, California |
| TWENTY-ONE | 4/28/2023 | Purchasing a Land Rover Range Rover using funds from the NONE TO LOSE LLC Citibank Account at a Land Rover Jaguar Dealership in Cerritos, California |
| TWENTY-TWO | 5/10/2023 | Depositing a cashier's check in the amount of $50,000 into NONE TO LOSE LLC's Citibank Account at a Citibank branch in Huntington Beach, California |

COUNT TWENTY-THREE

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[DEFENDANT OBAYUWANA]

On or about October 17, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant ADA WILLIAM OBAYUWANA, also known as ("aka") "ColdheartedAC," aka "AC," knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, means of identification that defendant OBAYUWANA knew belonged to another person, namely, the name of B.P.M., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Nine of this Indictment.

COUNTS TWENTY-FOUR AND TWENTY-FIVE

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[DEFENDANT VU]

On or about the dates below, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant ALBERT TAI VU knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, means of identification that defendant VU knew belonged to another person, namely, the names of the persons listed below, during and in relation to the offenses of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in the following counts of this Indictment:

| **COUNT** | **DATE** | **IDENTITY** | **PREDICATE OFFENSE** |
|---|---|---|---|
| TWENTY-FOUR | 4/25/2023 | L.T. and A.T. | COUNT FOUR |
| TWENTY-FIVE | 7/6/2023 | D.D. and A.O. | COUNT SIX |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Eighteen and Twenty-Three through Twenty-Five of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction of the offenses set forth in any of Counts Nineteen through Twenty-Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), any defendant so convicted shall forfeit substitute property, if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court;

//

//

//

//

(d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

DIANE ROLDÁN
Assistant United States Attorney
Major Crimes Section